UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL SCHMOTZER and BRIAN
CRITTENDEN, on their own behalf
and on behalf of those similarly
situated,

CASE NO.:

    Plaintiffs,

vs.

ADVANCE AUTO BROKERS, INC.

    Defendant.                    /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiffs, PAUL SCHMOTZER and BRIAN CRITTENDEN, on their own behalf and on behalf of those similarly situated ("Plaintiffs"), were employees of Defendant, ADVANCE AUTO BROKERS, INC. ("ADVANCE" or "Defendant"), and bring this action for unpaid minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and Article X, Section 24 of the Florida Constitution.

### INTRODUCTION

1.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 206(a).

2.    The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 6(a) of the FLSA requires payment of the applicable federal minimum wage for all hours worked by a covered employee in any given work week. 29 U.S.C. § 206(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case violated the FLSA by failing to pay Plaintiffs and other similarly-situated sales associates proper minimum wages for all hours worked.

7. The Defendant in this case violated the Florida Constitution by failing to pay Plaintiffs and other similarly-situated sales associates the statutory minimum wage for all hours worked.

8. This action is intended to include each and every commission paid sales associate who worked for Defendant at any time within the past three (3) years under the FLSA and within the past five (5) years under the Florida Constitution.

**PARTIES**

9. Plaintiffs, and those similarly situated individuals ("class members"), were commissioned only sales associates who performed services for Defendant in Florida.

10. Defendant, ADVANCE, is a Florida Corporation.

11. Defendant, ADVANCE, conducts business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

12. Defendant is in the business of providing automobiles and services to its customers.

## JURISDICTION

13. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.* and supplemental jurisdiction pursuant to pursuant to 28 U.S.C. §1367.

## COVERAGE

14. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15. At all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

16. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. automobiles, computers, facsimile machines and/or office supplies).

## **FACTUAL ALLEGATIONS**

18. Plaintiff, PAUL SCHMOTZER, began his employment as a sales associate for Defendant at Defendant's Advance Auto Brokers, Inc., location at 12204 North Florida Avenue, Tampa, Florida 33612, from on or around June 2013 to present.

19. Plaintiff, PAUL SCHMOTZER was paid on a commission only basis in exchange for work performed.

20. Plaintiff, BRIAN CRITTENDEN, was employed as a sales associate for Defendant at Defendant's Advance Auto Brokers, Inc., location at 12204 North Florida Avenue, Tampa, Florida 33612, from on or around September 2012 through August 2013 and then again from January 2014 through May 2014.

21. Plaintiff, BRIAN CRITTENDEN, was paid on a commission only basis in exchange for work performed.

22. Plaintiffs and those similarly situated to them did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

23. Plaintiffs and those similarly situated to them were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

24. Plaintiffs and those similarly situated to them were/are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendant pursuant to 29 C.F.R. 778.5.

25. Plaintiffs and those similarly situated to them were/are entitled to at least the applicable Florida minimum wage pursuant to Article X, Section 24 of the Florida Constitution.

26. Defendant has a common pay policy and/or pay practice which fails to pay certain sales associate employees at least the statutory minimum wage for all hours worked per week.

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation with respect to Plaintiffs and those similarly situated to them.

28. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. Defendant has acted willfully in failing to pay Plaintiffs and those similarly situated to them in accordance with the law.

30. Plaintiffs have retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

31. On May 14, 2014, Plaintiffs, via Certified Mail, requested pay and time records from Defendant in an attempt to provide Defendant with notice of the minimum wages believed to be owed to each of them.

32. Defendant retained counsel and Plaintiffs continued to request their pay and time records, but only limited and illegible records were provided on July 1, 2014.

33. Since that date, Plaintiffs have made multiple requests via U.S. and Electronic mail on July 1, 2014, July 9, 2014, July 17, 2014, July 18, 2014 and July 22, 2014, seeking the

complete and legible records so that Plaintiffs may provide Defendant with notice of the minimum wages believed to be owed to each of them. To date, no response has been provided.

### COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

34. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-33 above.

35. Plaintiffs, and those similarly situated to them, are/were entitled to be paid the proper minimum wage for each hour worked per workweek pursuant to §206(a).

36. Plaintiffs and those similarly situated to them were/are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendant pursuant to 29 C.F.R. 778.5.

37. Plaintiffs, and those similarly situated to them, did not earn at least the statutory minimum wage for all hours worked contrary to the FLSA. For example, during the pay period ending March 4, 2014, Plaintiff, PAUL SCHMOTZER, estimates that he worked 60 hours, but only received $200.00 for all hours worked and therefore was not paid the proper applicable statutory minimum wage rate for all hours worked. During the pay period ending March 25, 2014, Plaintiff, BRIAN CRITTENDEN did not receive any compensation for the hours worked by him and therefore was not paid the proper applicable statutory minimum wage rate. *See* pay records attached hereto as "Exhibit A.".

38. Defendant willfully failed to pay minimum wage compensation for these hours contrary to 29 U.S.C. § 206.

39. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs, and those similarly situated to them, have been damaged in the loss of minimum wages.

40. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant;

    a. Awarding Plaintiffs, and those similarly situated to them, their unpaid minimum wages as allowable under the FLSA statute of limitations period;

    b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

41. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-33 above.

42. Plaintiffs, and those similarly situated to them, are/were entitled to be paid the Florida minimum wage rate for each hour worked during their employment with Defendant.

43. Plaintiffs, and those similarly situated to them, did not earn at least the statutory minimum wage for all hours worked contrary to the Article X, Section 24 of the Florida Constitution.

44. Plaintiffs, and those similarly situated to them, did not earn at least the statutory minimum wage for all hours worked. For example, during the pay period ending March 4, 2014, Plaintiff, PAUL SCHMOTZER, estimates that he worked 60 hours, but only received $200.00 for all hours worked and therefore was not paid the proper applicable statutory minimum wage

rate for all hours worked. During the pay period ending March 25, 2014, Plaintiff, BRIAN CRITTENDEN did not receive any compensation for the hours worked by him and therefore was not paid the proper applicable statutory minimum wage rate. *See* pay records attached hereto as "Exhibit A.".

45. Defendant willfully failed to pay Plaintiffs, and those similarly situated to them, the minimum wage during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

46. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs, and those similarly situated to them, have been damaged in the loss of minimum wages for the subject weeks that they worked for the Defendant.

47. As a result of Defendant's willful violation of the Florida Constitution, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs, and those similarly situated to them, respectfully requests that judgment be entered in their favor against Defendant;

    a. Awarding Plaintiffs their unpaid minimum wages as allowable under the Florida Constitution statute of limitations period;

    a. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    b. Awarding reasonable attorney's fees and costs and expenses of the litigation; and

    c. Ordering any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 8/7/2014

Respectfully submitted by,

/s/ Kimberly De Arcangelis Woods
Kimberly De Arcangelis Woods, Esquire
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kwoods@forthepeople.com
Trial Attorneys for Plaintiffs

# EXHIBIT "A"

United Employee Services, Inc.  
2420 Enterprise Road, Ste 100  
Clearwater, FL 33763

Service Provided to:  
ADVANCE AUTO BROKERS, INC  
12204 N. FLORIDA AVENUE  
TAMPA, FL 33612

Bank of America  
, FL  
63-27/631

Check No: **191956**

Date: 03/07/2014

**Pay To:** PAUL E. SCHMOTZER

**This Amount:** NON-NEGOTIABLE DO NOT CASH

**VOID**

Void After 90 Days

PAUL E. SCHMOTZER  
2013 AVALON COVE COURT  
BRANDON, FL 33511

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND - NOT A WHITE BACKGROUND

▲──── DETACH ALONG PERFORATION ────▲    KEEP LOWER PART FOR YOUR RECORDS

| EMPLOYEE NAME | COMPANY NAME | CLIENT NO. | EMP. NO. | SOCIAL SECURITY NO | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|---|
| PAUL E. SCHMOTZER | ADVANCE AUTO BROKERS, IN | 1179 | 16 | ***-**-2751 | 03/07/2014 | 191956 |

|  | GROSS PAY | TIPS & NON-PAY | TAXES | DEDUCTIONS | NET PAY AFTER TAX | DIR. DEPOSIT | CHK AMT. | FED. TAXABLE |
|---|---|---|---|---|---|---|---|---|
| THIS CHECK | 200.00 | 0.00 | 30.97 | 0.00 | 169.03 | 169.03 | 0.00 | 200.00 |
| YEAR-TO-DATE | 2000.00 | 0.00 | 354.13 | 0.00 | 1645.87 | 0.00 | 0.00 | 2000.00 |

Fed:S-0 St:FL-S-0     Pay Period: 02/26/14 thru 03/04/14

| WAGES | HOURS | RATE | AMOUNT THIS CHECK | AMOUNT YEAR-TO-DATE | DEDUCTIONS AND TAXES | AMOUNT THIS CHECK | AMOUNT YEAR-TO-DATE |
|---|---|---|---|---|---|---|---|
| SALARY |  |  | 0.00 | 1400.00 | Fed Income Tax | 15.67 | 201.13 |
| COMMISSION |  |  | 200.00 | 600.00 | Social Security | 12.40 | 124.00 |
|  |  |  |  |  | Medicare | 2.90 | 29.00 |
|  |  |  |  |  | Total Taxes: | 30.97 | 354.13 |
|  |  |  |  |  | CHECKING  Acct: ****2719 | 169.03 |  |
|  |  |  |  |  | **Total Direct Deposits:** | **169.03** |  |

\* Exempt from Federal W/H, FICA and Medicare  
\*\* Exempt from Federal W/H

37-SUM-GR

Copyright Summit Software © 2012

Client: 1179 ADVANCE AUTO BROKERS, INC.
PayrollID: 11790013   Frequency: W
Pay Date: 03/28/14
Period From: 03/19/14 thru 03/25/14

Run: 03/26/14
01:41 PM
PR: REG

# PAYROLL REGISTER

**CRITTENDEN, BRYAN**   Emp: 10   Dept:   Net: 0.00   DDep: 0.00   Check: 0.00   Check No: 0

| Pay Type | Hours | Rate | Pay | YTD Hrs | YTD Pay | Taxes | Curr Tax | YTD Tax |
|---|---|---|---|---|---|---|---|---|
| SALARY | | | | | 600.00 | Fed Income Tax | | 103.84 |
| COMMISSION | | | | | 2,500.00 | Social Security | | 192.20 |
| Total Pay | | | | | 3,100.00 | Medicare | | 44.95 |
| | | | | | | Total Taxes | | 340.99 |